IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00416-WYD-KLM

BRANTA, LLC, a Delaware limited liability
     company;
BRANTA EXPLORATION & PRODUCTION
     COMPANY, LLC, a Delaware limited
     liability company; and,
HARVEST (US) HOLDINGS, INC., a Delaware
     corporation,
                    Plaintiffs,

v.

NEWFIELD PRODUCTION COMPANY,
     a Texas corporation,
                    Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiffs Branta, LLC; Branta Exploration & Production Company, LLC; and Harvest

(US) Holdings, Inc. (collectively, "Plaintiffs"), through their counsel, Wheeler Trigg O'Donnell,

LLP, and Defendant Newfield Production Company, through its counsel, Bryan Cave, LLP and

Dykema Cox Smith, hereby stipulate and agree as follows, and the Court, having been fully

advised, hereby orders as follows:

     1.     This Protective Order shall apply to all information, documents, and tangible

things subject to discovery in this action that are in the possession, custody, or control of any

party, non-party witness, or third-party producing documents and/or agreeing to be subject to this

Order by executing the Order and/or Exhibit A hereto, and that are believed to contain or

embody a party's or third-party's trade secrets, proprietary, or other confidential information. By

way of example, and not limitation, such information may include, or be included in documents, tangible things, transcripts, answers to interrogatories and other responses to discovery requests, deposition or trial or court testimony, pleadings, briefs summaries, notes, abstracts, motions, drawings, and any instrument comprising, embodying, or summarizing matters which any party or non-party considers confidential and/or proprietary.

2.      As used herein, "Confidential Information" means any trade secrets, proprietary, or other confidential information of the designating party or a third-party, regardless of form, including but not limited to, research, development, commercial, or business information which counsel of record for the designating party reasonably and in good faith believes contains or reflects trade secrets, proprietary, or confidential information.  The Confidential Information designation extends to both the material and substance of the information so designated, and to compilations or similar documents containing or compiled from said information.

3.      Confidential Information does not include information that was in the public domain before disclosure to the non-designating party, or that becomes part of the public domain after disclosure to the non-designating party through no action or fault of the non-designating party.

4.      The parties shall endeavor in good faith to limit the designation of Confidential Information to information genuinely warranting the protections provided by the terms of this Order.

5.      Confidential Information shall not be used or disclosed by any party or other individual or entity agreeing to be subject to this Order by executing Exhibit A hereto for any

purpose whatsoever other than in the preparation for and trial of this matter and any appeal thereof; provided, however, the designating party may use its own Confidential Information for any purpose.

6.      Any party or other individual or entity agreeing to be subject to this Order by executing Exhibit A hereto may designate information as "Confidential" in the following manner:

(a)      With respect to documents, by placing on each page containing Confidential Information the following designation:  "CONFIDENTIAL."  In lieu of marking the original documents, the party may mark the copies that are produced or exchanged;

(b)      With respect to Electronically Stored Information ("ESI") that is produced in a native format, by designating it as "Confidential" in a written communication provided to the non-producing party contemporaneously with the production of the ESI;

(c)      With respect to testimony that is not transcribed, by designating it as "Confidential" in a written communication provided to the non-producing party no later than ten (10) business days after the testimony is given;

(d)      With respect to testimony being transcribed, by designating it as "Confidential" at the time the testimony is given or within ten (20) business days following the date the testimony is transcribed.  All transcripts produced thereafter shall then be marked in accordance with Paragraph 6(e) herein;

(e)      With respect to depositions, only persons authorized to receive the Confidential Information, as described in Paragraph 7 herein, may attend the portions of the

3

depositions containing or otherwise designated as Confidential Information.  Counsel of a deponent may designate testimony as Confidential Information during the course of any deposition, in accordance with Paragraph 6(d) herein.  Such designation may be made in response to a question, prior to any responsive testimony being given.  If such a designation is made, any person not authorized to receive such Confidential Information shall be excluded from the deposition until testimony regarding such Confidential Information has been concluded.  The portions of the deposition transcript containing or otherwise designated as Confidential Information shall be bound separately with a cover bearing the legend, "CONFIDENTIAL," and shall not be shown, provided, or otherwise made accessible to any person not authorized by Paragraph 7 below, without prior order of the Court.  The restrictions of this Paragraph also apply to videotaped depositions, the videocassettes, discs, or other video containers of which shall be labeled in accordance with the provisions of this Paragraph.  If any party objects to the designation of deposition testimony as Confidential Information, the objection may be noted for the record, but persons not authorized to receive Confidential Information shall nevertheless be excluded from deposition until testimony regarding Confidential Information has been concluded.

      7.      Information designated as "Confidential" shall not be disclosed to any person or entity other than:

      (a)      The parties to this lawsuit and their officers, directors, and employees;

      (b)      Corporate (in-house) counsel and outside attorneys for each party actively engaged in this litigation, and law clerks, paralegals, office clerks, and secretaries working under

those attorneys' supervision;

    (c)    Any original author, recipient, or other person with prior knowledge and/or possession of the information;

    (d)    Consultants, investigators, or experts (hereinafter referred to collectively as "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any Expert, the Expert must be informed of and agree to be subject to this Order by executing Exhibit A;

    (e)    Deponents, witnesses, or potential witnesses (hereinafter referred to collectively as "Witnesses") to the extent counsel has made a reasonable and good faith determination that: (a) such persons will be Witnesses in this case; and (b) the Witnesses' examination of the Confidential Information is necessary in connection with such testimony. Prior to disclosure to any Witness, the Witness must be informed of and agree to be subject to this Order by executing Exhibit A;

    (f)    Any court reporter engaged in connection with this matter (or any of the court reporter's staff or employees);

    (g)    Outside copying and document management vendors employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

    (h)    Court personnel.

8.    Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a written notice to counsel for the designating party. If the parties are unable to resolve the objection among themselves, the

5

designating party may make an appropriate motion pursuant to Magistrate Judge Mix's discovery

procedures requesting that the Court determine whether the disputed information should be

subject to the terms of this Order.  If such motion is made within 20 days of receipt of the written

notice from the challenging party, the disputed information shall be treated as Confidential

Information under the terms of this Order until the Court rules on the motion.  If the designating

party fails to make such a motion within the 20 days of receipt of the written objection, the

disputed information shall lose its designation as Confidential Information, and shall not

thereafter be treated as Confidential Information in accordance with this Order, unless and until

the Court so orders.  In connection with a motion made under this provision, the designating

party shall bear the burden of establishing that good cause exists for the disputed information to

be treated as Confidential Information.

        9.      If a party disputes the designation of any information as "Confidential," each

party agrees to first attempt to resolve the dispute by redacting portions of the document

designated "Confidential" in order for the information to be produced without the Confidential

Information designation, or to otherwise take mutually agreeable steps to resolve any dispute.

        10.     Any pleadings, exhibits, or filings containing Confidential Information shall be

filed with the Court in accordance with D.C.COLOLCIVR 7.2 and the Electronic Case Filing

Procedures for the District of Colorado.  If it is necessary for any party to file or submit to the

Court any material designated as Confidential Information pursuant to this Order, including any

documents, pleadings, motions, transcripts, or other filings containing or otherwise disclosing

any Confidential Information, such material shall be filed with and kept by the Clerk of the Court

pursuant to Local Rule 7.2. It is intended that all material designated as Confidential Information so filed with the Court shall be maintained separate from the public records in the action, and shall be released only upon further order of the Court. Material designated as Confidential Information that is filed or submitted to the Court shall continue to be treated as confidential pursuant to this Order, notwithstanding such filing or submission.

11.     Before any Confidential Information is offered in evidence at trial or any court hearing, the proponent of the evidence shall provide opposing counsel ten (10) days' notice (if more than 10 days before trial/hearing) or as much advance notice as is reasonably possible (if less than 10 days prior to trial/hearing), and will attempt to resolve any dispute with opposing counsel. If those attempts are unsuccessful, the proponent of the evidence shall request that the Court take such steps as may be appropriate under the circumstances to protect the confidentiality of the information contained therein. The party opposing such use may also seek protection from the Court.

12.     Any party or third-party, through its counsel, may remove the confidentiality designation from any Confidential Information previously produced by that party or a third-party by identifying the Confidential Information in writing to opposing counsel and describing the change in designation. Should the parties be unable to agree whether to remove the designation, the party requesting the removal has the burden of seeking relief from the Court pursuant to the procedures set forth in Paragraph 8.

13.     The Stipulated Order Regarding F.R.E. 502(d), which was entered in this case, is hereby expressly incorporated into this Order. Any party or third-party, through its counsel, may

7

request the return and/or destruction of any information previously produced if the requesting party believes in good faith that such information is protected by the attorney-client privilege and/or work product doctrine, and was inadvertently produced. The request to recall the information shall be made by notifying opposing counsel in writing within ten (10) business days of discovering the information was inadvertently produced, and shall identify the information as (1) protected by the "attorney-client privilege" and/or "work product doctrine" and (2) "inadvertently produced." Within ten (10) business days of receipt of the notice, or within such time as the parties otherwise agree, opposing counsel shall return or certify the destruction of the original and all copies of the information, along with any compilations thereof. Counsel shall attempt in good faith to resolve any dispute regarding the privileged nature of any information designated for recall. Should the parties be unable to agree on whether to recall the information, the party requesting the recall has the burden of seeking relief from the Court. Until the Court rules on the dispute, the party opposing the recall shall fully protect the information, and shall not disclose, review, or use the information in any way, except as necessary to respond to the requested recall.

14.     This Order shall continue to be binding on the parties and any individual or entity who executes Exhibit A throughout and after the conclusion of any proceedings in this case, including any trial and any appeal thereof. Upon final termination of this matter, whether by judgment, settlement, or otherwise, and upon request of the producing party, each recipient of Confidential Information shall return all such information to the producing party, or certify the destruction of such information. All briefs, pleadings, or other filings with the Court, or attorney

8

work product which incorporates or discloses Confidential Information, may remain in the

possession of counsel, and need not be destroyed, but shall remain subject to this Order.

   15.  The terms of this Order may be modified only by written agreement of counsel for

the parties or by further order of the Court.

9

IT IS SO ORDERED.

Dated this ___17TH___ day of ___August___ 2015.

BY THE COURT:

_____
District Court Judge

Stipulated to by:

By: ___s/ Timothy R. Beyer___
    Timothy R. Beyer
    BRYAN CAVE LLP
    1700 Lincoln Street, Suite 4100
    Denver, CO  80203
    Telephone: 303.861.7000
    Facsimile: 303.866.0200
    Email:    tim.beyer@bryancave.com

    James M. Truss
    DYKEMA COX SMITH
    112 E. Pecan Street, Suite 1800
    San Antonio, Texas 78205
    Telephone:  210.554.5500
    Facsimile: 210. 226.8395
    Email:  jmtruss@coxsmith.com

    *Attorneys for Defendant Newfield*
    *Production Company*

By: ___s/ Hugh O.  Gottschalk___
    Hugh Q. Gottschalk
    Matthew E. Johnson
    Elliott V. Hood
    Wheeler Trigg O'Donnell LLP
    370 Seventeenth Street, Suite 4500
    Denver, CO 80202-5647
    E-mail : gottschalk@wtotrial.com
              johnson@wtotrial.com
              hood@wtotrial.com

    *Counsel for Plaintiffs Branta, LLC,*
    *Branta Exploration & Production*
    *Company, LLC, and Harvest (US)*
    *Holdings, Inc.*

10

EXHIBIT A

I, _____, state that:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____

_____

4.      I have received a copy of the Confidentiality Agreement and Order (the "Order") in the case captioned *Branta, LLC, et al. v. Newfield Production Company*, Civ. Action No. 15-cv-00416-WYD-KLM (D. Colo.).

5.      I have carefully read and understand the provisions of the Order.  I will comply with all of the provisions therein, including, without limitation, holding information disclosed to me in confidence and not disclosing it to anyone not so qualified under the Order, and designating any documents I produce as "Confidential" pursuant to this Order.

6.      I further agree that any documents, materials or information furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person or entity and will be immediately returned to the person who furnished such documents, materials or information to me upon completion of the task for which the information is disclosed.

7.      I hereby consent to be subject to personal jurisdiction in the United States District Court for the District of Colorado with respect to any proceeding relative to the enforcement of the Order.

_____
Signature

_____
Date

11